**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Napoleon MARYLAND, Jr.,
Defendant-Appellant.**

No. 72–2161.

United States Court of Appeals,
Fifth Circuit.

April 2, 1973.

As Amended on Denial of Rehearing
May 24, 1973.

Robert P. McLeod, Paul Henry Kidd, Monroe, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before BELL and THORNBERRY, Circuit Judges and GROOMS, District Judge.

PER CURIAM:

Appellant was convicted below of one count of passing counterfeit note with intent to defraud in violation of 18 U.S. C. § 472 and of one count of knowingly possessing five counterfeit notes with intent to defraud in violation of the same statute. On appeal he argues that the district court erred in admitting five counterfeit bills as evidence against him on the possession count because the bills

were obtained by an unlawful search. We affirm.

On the evening of April 4, 1969, a deputy of the Bienville Parish Sheriff's Department received in his patrol car a radio request from the Ouachita Parish Sheriff's Department to stop a certain described Cadillac automobile and to hold its occupants for questioning about passing counterfeit notes. The deputy sighted the Cadillac, stopped it, and took its occupants, one of whom was appellant, in his patrol car to the Bienville Parish Courthouse. Appellant rode on the left side of the rear seat behind the driver. After taking appellant and his companions into the Courthouse, the deputy returned to his police vehicle and searched it. Pressed between the rear seat and the back cushion on the left hand side, he found five counterfeit bills which were used as evidence against appellant below and whose admissibility appellant now contests.

## ON PETITION FOR REHEARING

Appellant urges that there was no probable cause to arrest him without a warrant and that the search which produced the bills was therefore not incident to a lawful arrest. The Government argues that appellant had no standing to challenge the deputy's search of the police vehicle he was using after appellant had exited from it and alternatively that there was probable cause for the arrest.

██ In order to have standing to challenge the search, "one must have been a victim of the search and seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search and seizure directed against someone else." Jones v. United States, 1960, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697. Corollaries to this rule are that one has no standing to challenge the search of an area or thing he has voluntarily abandoned and that "[p]olice pursuit or the existence of a police in-

vestigation does not of itself render an abandonment involuntary." United States v. Colbert, 5th Cir. 1973, en banc, 474 F.2d 174 at 176 [1973]. The Government's first argument is that appellant voluntarily abandoned the counterfeit bills in the police car when he exited from it without the bills and therefore had no standing to object to the subsequent search by which they were discovered.

██ We agree that the deputy's search of the police vehicle after appellant had exited from it was not directed against appellant within the meaning of *Jones* and did not invade any area in which appellant had a reasonable expectation of privacy. Further, we agree that if appellant's arrest was lawful, the abandonment was clearly voluntary. As noted above, a lawful arrest does not in itself amount to such compulsion as will render an otherwise voluntary abandonment involuntary. *See* Abel v. United States, 1960, 362 U.S. 217, 240–241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668; United States v. Colbert, *supra*; United States v. Edwards, 5th Cir. 1971, 441 F.2d 749; Lurie v. Oberhauser, 9th Cir. 1970, 431 F.2d 330. The Government's standing argument does not, however, eliminate the necessity to determine the legality of the arrest, for a loss of standing to challenge a search cannot be brought about by unlawful police conduct. Fletcher v. Wainwright, 5th Cir. 1968, 399 F.2d 62; Work v. United States, 1957, 100 U.S.App.D.C. 237, 243 F.2d 660; Williams v. United States, Cir. 1956, 99 U.S.App.D.C. 161, 237 F.2d 789. If there is a "nexus between . . . lawless [police] conduct and the discovery of the challenged evidence" which has not " 'become so attenuated as to dissipate the taint,' " then the evidence should be suppressed. Fletcher v. Wainwright, *supra*, 399 F.2d at 64. The nexus between the arrest and the discovery of the evidence is strong in this case, for the arrest obviously motivated appellant to attempt to conceal the bills in the police vehicle.

We turn, then, to the question of whether appellant's arrest was illegal for want of probable cause. On the evening of the arrest the owner of a liquor store called The Tree discovered two counterfeit twenty dollar bills in his cash register. In a complaint which he filed immediately with the Ouachita Parish Sheriff's Department he stated his belief that members of a group of four Negroes, two men and two women, who were travelling in a "black and white vinyl over green Cadillac" had passed the bills. The Ouachita Parish Sheriff's Department broadcast a radio message to other law enforcement agencies in the area describing the suspects and the automobile, stating that they were suspected of passing the counterfeit bills, and requesting other law enforcement officers to arrest them. A Bienville Parish Deputy Sheriff received this radio request and complied with it by arresting appellant and his companions, who were travelling in the distinctively described automobile, only a short time after the crime had occurred.

The probable cause concept concerns probabilities. "These are not technical; they are the factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 1949, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879. We think the information given to law enforcement authorities by the victim of the crime immediately after its occurrence was clearly sufficient to supply probable cause for appellant's arrest. See United States v. Trotter, 7th Cir. 1970, 433 F.2d 113, cert. denied 401 U.S. 942, 91 S.Ct. 950, 28 L.Ed.2d 224. Further, the Deputy Sheriff who actually made the arrest was entitled to rely on the radio bulletin which originated from the Ouachita Parish Sheriff's Department. United States v. Horton, 1971, 142 U.S. App.D.C. 225, 440 F.2d 253; see Whitely v. Warden, 1971, 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306.

Since the warrantless arrest of appellant was valid, it could not suspend the general rule that one has no standing to object to the search of seizure of property he has voluntarily abandoned. Concluding that this rule applies in the instant case, we hold that appellant had no standing to challenge the deputy's search of the police vehicle and that the bills discovered there were properly admitted into evidence.

Accordingly, the judgment of the district court is

Affirmed.