676 F.2d 146
 10 Fed. R. Evid. Serv. 785
 UNITED STATES of America, Plaintiff-Appellee,
v.
Horacio SAIMIENTO-ROZO, Beymen Sanchez, Jaime
Padilla-Beltran, Hector Garcia-Pinillo, Roger
Rodriguez-Zumaque, Dennison McDonald, Oscar De Avilla,
Hueton Archibold-Robinson, Edgar Marin-Jaramillo, Jose
Arboleda-Ocamdo and Alfred Martino-Domingo, Defendants-Appellants.
 No. 81-3360
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 May 17, 1982.
 Oscar S. Rodriguez, Coral Gables, Fla., for defendants-appellants.
 Paul A. Winick, Michael Schatzow, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.
 SAM D. JOHNSON, Circuit Judge:
 
 
 1
 The eleven appellants were charged with conspiracy to import marihuana, 21 U.S.C. § 963, conspiracy to possess marihuana with intent to distribute, 21 U.S.C. § 846, and the underlying substantive offenses of importation and possession of marihuana with intent to distribute, 21 U.S.C. § 952(a); § 841(a) (1).[1] Appellants Saimiento-Rozo and McDonald were convicted on all counts. The remaining appellants were found guilty only of importation and conspiracy to import.
 
 
 2
 Appellants raise several points on appeal. First, they contend that the district court committed reversible error in failing to ask a supplemental voir dire question. Second, they argue that the evidence was insufficient to support their conviction on the importation counts. Third, McDonald argues that the district court erred in denying his motion to suppress a statement allegedly made by him to DEA agents because he was not properly advised of his Miranda rights. For the reasons set out below, we affirm the appellants' convictions.
 
 
 3
 On December 11, 1980, while on routine patrol, United States Coast Guard Cutter, POINT SPENCER, spotted a 110-foot coastal freighter aground in the channel of the Mississippi River-Gulf Outlet. The freighter, later determined to be the TYSFORD, was attempting to pull itself off the bank. Upon orders from the captain of the POINT SPENCER, several of the coastguardsmen boarded the TYSFORD, where they detected an odor of marihuana. A search of the TYSFORD revealed approximately 71,000 pounds of marihuana in the freighter's hold. Appellants were on board. They were arrested and a more extensive search of the TYSFORD was conducted. The search uncovered various documents including a navigation chart and a log book. Using these documents, the government's navigation expert was able to plot appellants' course from South America to the coast of Louisiana.
 
 Voir Dire
 
 4
 Appellants argue that the district court committed reversible error in refusing to ask a proposed voir dire question. The question was as follows:
 
 
 5
 Have you, your close friends, or any member of your family ever had a problem with narcotic drugs, non-narcotic drugs such as marihuana and/or pills such as qualludes or diet pills?
 
 
 6
 The court agreed to ask a reformulation of that question. But the reformulated question, for whatever reason, was never asked. The closest the court came to questioning the jurors on the subject was:
 
 
 7
 Have you or any member of your family ever been the victim of a crime?
 
 
 8
 Appellants' reasoning in submitting the proposed question was that a juror who had been the victim of a drug related problem or who had a family member with a drug problem might be prejudiced against one charged with importing and distributing marihuana. They contend that the court's inquiry was too broad to uncover such prejudice.
 
 
 9
 A trial court has broad discretion in conducting voir dire, including whether to submit proposed questions to the prospective jurors. United States v. Shavers, 615 F.2d 266, 268 (5th Cir. 1980); United States v. Delval, 600 F.2d 1098, 1102 (5th Cir. 1979). The standard for evaluating the court's exercise of discretion is whether the means employed to test impartiality have created a reasonable assurance that prejudice would be discovered if present. Shavers at 268.
 
 
 10
 While the question asked by the court may well have been too broad to uncover all possible prejudice, the record shows that the question elicited many of the same responses appellants' proposed question was designed to elicit. Seven prospective jurors responded that they had family members or friends who had been arrested for and/or convicted of narcotics law violations. One man revealed that he had an uncle who had been assassinated in a drug related case. A woman stated that her son had drug related and mental problems and had been shot. The record also shows that before concluding the voir dire the court asked attorneys for appellants whether they had additional questions they wished the court to ask. Neither of the attorneys suggested any, nor did they raise any objections to the court's previous questions. Under the circumstances, the court's failure to ask the proposed voir dire question cannot be considered an abuse of discretion. See United States v. Carroll, 582 F.2d 942, 946-47 (5th Cir. 1978).
 
 Sufficiency of the Evidence
 
 11
 Appellants also challenge the sufficiency of the evidence to support their convictions on the importation counts. They claim the government failed to prove that the marihuana came from outside the territorial waters of the United States. In considering appellant's claim, we must view the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 860 (1942); United States v. Bland, 653 F.2d 989, 995, (5th Cir.), cert. denied, --- U.S. ----, 102 S.Ct. 602, 70 L.Ed.2d 592 (1981).
 
 
 12
 The Government's principal evidence was a log book and a navigation chart found open on the bridge of the TYSFORD. The log book contained several entries dating from December 2 to December 9. Using the log book entries and notations made on the navigation chart, the Government's expert plotted appellants' course from the coast of Colombia to the Mississippi River-Gulf. The Government also introduced a seaman's license, a second class officers license, a pilot's license, and a passport, all in the name of Saimiento-Rozo from the country of Colombia. Also, a statement was introduced against McDonald only, in which he admitted to importing marihuana.
 
 
 13
 Appellants objected to the admission of the log book and the chart at trial on the grounds of relevancy and prejudice. They now contend that the evidence is hearsay, inadmissible under the co-conspirator exception, Fed.R.Evid. 801(d)(2) (E), because a conspiracy was not first established. See United States v. James, 590 F.2d 575, 578 (5th Cir.) (en banc), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Because appellants did not raise this ground below, we must review their claim under the plain error standard. United States v. Chaney, 662 F.2d 1148, 1153 (5th Cir. 1981).[2]
 
 
 14
 There is little proof of the importation conspiracy independent of the co-conspirator statements, i.e., the log book and the navigation chart. However, it is not necessary that the conspiracy upon which admissibility of these statements is predicated be the conspiracy charged. See United States v. Mazyak, 650 F.2d 788, 791 (5th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1281, 71 L.Ed.2d ---- (1982); United States v. Postal, 589 F.2d 862, 886, n.41 (5th Cir.), cert. denied, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 40 (1979). Nor need the conspiracy or agreement be criminal in nature; it may be in the form of a joint venture. Postal at 886.
 
 
 15
 We believe there is sufficient independent evidence from which the court could conclude that appellants were engaged in the joint venture of sailing the TYSFORD. While the TYSFORD was found aground in the Mississippi River Gulf, it was not merely resting there but was attempting to pull itself off the bank. The evidence suggests that Saimiento-Rozo served as the captain and it is obvious that a vessel the size of the TYSFORD could not operate without the active assistance of a crew. Therefore, we conclude that the log book and the navigation chart were properly admitted as statements made in furtherance of the joint venture.[3] Hence, the district court did not commit plain error. We also conclude that these statements are sufficient to prove the element of importation. See United States v. DeWeese, 632 F.2d 1267, 1271-72 (5th Cir. 1980).
 
 Miranda Warnings
 
 16
 Following his arrest on board the TYSFORD, McDonald gave a statement to DEA Agent Mollyneaux in which he admitted that he imported marihuana from South America to the United States. McDonald moved to suppress the statement on grounds that he had not been properly advised of his Miranda rights because they were given in Spanish and the Government had failed to prove that he understood Spanish. At the suppression hearing, Coast Guard Officer Rivas testified that he gave the TYSFORD's crew Miranda warnings in Spanish and that the crew acknowledged their understanding of the warnings. DEA Agent Nunez also testified that he read the crew their Miranda rights in Spanish and asked whether they understood them. He stated that they indicated they did and that McDonald, when asked to make a statement, agreed to do so. The court denied McDonald's motion without specific fact findings.
 
 
 17
 Findings of fact made by a district court on a motion to suppress cannot be disturbed on appeal unless they are clearly erroneous. The ultimate issue of voluntariness, however, is an issue of law and an appellate court must make an independent determination. See United States v. Kreczmer, 636 F.2d 108, 110 (5th Cir. 1981) (citations omitted).
 
 
 18
 Although the district court did not make specific factual determinations, a finding that McDonald understood the Miranda warning in Spanish is implicit. That finding is not clearly erroneous, but is supported by the evidence. We conclude that McDonald's statement was voluntarily given.
 
 
 19
 The convictions are affirmed on all counts.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Appellants are Horacio Saimiento-Rozo, Beymen Sanchez, Jaime Padilla-Beltran, Hector Garcia-Pinillo, Rodger Rodriguez-Zumaque, Dennison McDonald, Oscar De Avilla, Hueton Archibold-Robinson, Edgar Marin-Jaramillo, Jose Arboleda-Ocamdo, and Alfred Martino-Domingo
 
 
 [2]
 It should be noted that McDonald is not in the same position as the other appellants with regard to this issue because of the statement introduced against him only in which he admitted to importing marihuana
 
 
 [3]
 Although it is not clear who authored the log book or the notations on the navigation chart, we think it is inescapable that one of the crew of the TYSFORD did so