**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 92-8622**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee**

**versus**

**ROBERT FRED ALVAREZ,**

**Defendant-Appellant**

_____

Appeal for the United States District Court
for the Western District of Texas
_____

(October 22, 1993)

Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge and PICKERING[*], District Judge.

PICKERING, District Judge, for the Court.

Appellant Alvarez was convicted in the district court below of being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court imposed a 235 month term of imprisonment, a 5 year term of supervised release, and a $50 special assessment.

Prior to trial, Alvarez filed a motion to suppress a gun seized from a garment bag found in the motel room in which he was arrested. On appeal, Alvarez contends that the district court erred in finding that he lacked standing to contest seizure of the

_____

[*] District Judge of the Southern District of Mississippi, sitting by designation.

garment bag and denying his motion to suppress.

On May 21, 1991, police officers of the City of El Paso, Texas, obtained a parole violator's warrant for Robert Fred Alvarez. Prior to that date, Alvarez had been spotted driving a beige 1971 Pontiac Station wagon bearing Texas license plate number 668 XGA. That vehicle was found parked in front of Room 116 at the All Star Motel at Lomaland and Gateway West in the City of El Paso at approximately 10:00 A.M. on the morning of May 21 by Officer Talamentes of the El Paso police department. Talamentes checked the registry for room 116 and found it registered to "Catherine James". Alvarez was not registered for any room at the motel. Thereafter, Talamentes, with the assistance of other officers, set up surveillance of room 116.

At approximately 11:15 A.M., Alvarez appeared at the open doorway of room 116. Several minutes later, with Alvarez still standing at or near the open doorway, Officer Talamentes, Detective Holland, with other units of the El Paso police department backing them up, approached Alvarez and informed him he was under arrest. According to the testimony of Talamentes at the suppression hearing and at trial, he approached Alvarez at or near the open doorway and announced, "Police, freeze, you're under arrest!", at which time Alvarez backed away from the door toward the interior of room 116. Talamentes and Detective Holland then effected the arrest of Alvarez by placing him face down on the bed and handcuffing him.

A female, Linda Humble, was also in room 116 at the time of the arrest of Alvarez. She was removed from the room and placed under the control of Officer Woodall. Woodall testified at the

suppression hearing that Humble told him the only items in the room which belonged to her were her purse and a leather jacket and that everything else belonged to Alvarez. She was allowed to retrieve her purse and jacket and then was escorted to the police station to give a statement and then was taken home.

Among the other items in room 116 was a garment bag hanging in an unenclosed closet area near the bathroom and a gym bag and numerous items of what appeared to be men's clothing scattered about. Talamentes and Holland testified at the suppression hearing and at trial that Alvarez stated that he had nothing in the room, that everything belonged to his "old lady", and appeared anxious to leave the room. A police supervisor instructed Holland and Talamentes to secure the items in the room and take them to the police station. Holland noticed a bulge in the garment bag and upon closer inspection discovered a .38 caliber pistol, which the indictment later charged Alvarez with possessing. At the suppression hearing, Alvarez testified that the garment bag did not belong to him. The district judge denied Alvarez's motion to suppress the pistol as evidence based on Alvarez's abandonment of the garment bag and thus his lack of standing to assert a privacy interest therein. We affirm.

This Circuit's standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law. United States v. Muniz-Melchor, 894 F.2d 1430 (5th Cir. 1990), cert. denied, 495

U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990)(quoting U.S. v. Maldanado, 735 F.2d 809, 814 (5th Cir. 1984). The trial court's conclusions of law on a motion to suppress are reviewed de novo by this court. See United States v. Richardson, 943 F.2d 547 (5th Cir. 1991). "Furthermore, we view the evidence in the light most favorable to the prevailing party." United States v. Piaget, 915 F.2d 138, 140 (5th Cir. 1990)(quoting United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989)). See also, United States v. Lanford, 838 F.2d 1351 (5th Cir. 1988). In reviewing a ruling on a motion to suppress, this Court views the evidence taken at trial as well as the evidence taken at the suppression hearing. United States v. Rideau 969 F.2d 1572 (5th Cir. 1992) (en banc).

"Only those persons whose privacy is invaded by a search have standing to object to it under the exclusionary rule codified in Rule 41(e), Fed.R.Crim.P." United States v. Colbert, 474 F.2d 174, 176 (5th Cir. 1973). "Further, it is settled law that one has no standing to complain of a search or seizure of property he has voluntarily abandoned." Id., (other citations omitted).

It is clear that the abandonment must be voluntary and not influenced by improper police conduct. See, United States v. Beck, 602 F.2d 726 (5th Cir. 1979); United States v. Maryland, 479 F.2d 566 (5th Cir. 1973); and United States v. Colbert, supra. The legal presence of the police for investigatory purposes or pursuit does not render an abandonment involuntary. United States v. Colbert 474 F.2d at 176. Further, a lawful arrest does not amount to such compulsion so as to render an otherwise voluntary

abandonment involuntary.  <u>United States v. Maryland</u>, 479 F.2d at 568.

To support his argument that the Court need never reach the question of standing, Alvarez challenges his arrest claiming that the police had no authority to enter the motel room to effectuate the arrest based on only a parole violator's warrant  and when they did so, it violated his legitimate expectation of privacy therein. <u>See</u> <u>Rakas v. Illinois</u>, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).  <u>See</u> <u>also</u>, <u>Payton v. New York</u>, 445 U.S. 573 (1980). However, the testimony at the suppression hearing and at trial is clear that Alvarez was at or near the open doorway of room 116 (within three feet) when the police arrived, and upon their announcement that he was under arrest, he (Alvarez) backed into the room and was handcuffed lying face down on the bed.  Appellant has not seriously questioned that the parole violator's warrant was entirely valid.  He has only questioned how the police executed the warrant.  However, Alvarez' version of the arrest incident is simply not supported by the record.

Appellant's reliance on <u>Minnesota v. Olson</u>, 495 U.S. 91, 110 S.Ct 1684, 109 L.Ed.2d 85 (1990), which held that an overnight guest in another person's house has a legitimate expectation of privacy therein, is also misplaced. <u>Olson</u> dealt with a warrantless arrest of a person, not the seizure of an object which the suspect had denied owning.  The police herein did not enter the motel room without a warrant based on exigent circumstances as claimed in <u>Olson</u>.  They saw Alvarez in the door, approached him with a valid

arrest warrant, and executed same.   The arrest was lawful. Therefore the voluntariness of Alvarez' abandonment of the hanging clothes bag was not tainted by any illegal or improper act by the police in executing the arrest warrant.

The facts before the district judge at the suppression hearing support his conclusion that Alvarez voluntarily abandoned the hanging garment bag and thus had no standing to object to the search thereof.   The district judge's factual findings were not clearly erroneous nor did he misapply the law.

This matter having been decided on the basis of the standing of Alvarez to object to the search of the garment bag, the court does not find it necessary to discuss the appellant's contention that the search of the garment bag was not incident to an arrest, or appellee's contention that the search was a valid inventory search.   These issues are left for another day in an appropriate setting.

For the foregoing reasons, the judgment and conviction of the district court is AFFIRMED.