**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 94-60023

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAUL QUIROZ-HERNANDEZ, ALFONSO HERNANDEZ-LOPEZ and
SERVANDO LOPEZ

Defendants-Appellants.

---

Appeal from the United States District Court
for the Southern District of Texas

---

(May 8, 1995)

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion, March 16, 1995, 5th Cir., 1995, _____F3d_____)

Before REYNALDO G. GARZA, GARWOOD and DAVIS, Circuit Judges.

ORDER OF THE COURT:

In his petition for rehearing, Raul Quiroz-Hernandez (Quiroz) points out that his possession conviction cannot be sustained on the basis of coconspirator liability given that a Pinkerton[1] instruction was not given to the jury. We take note of this fact and, accordingly, substitute the following in place of Part III, A,

---

[1] Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946).

2.

"Quiroz also contests his possession conviction. As explained above, to sustain such a conviction the government must prove that each defendant knowingly possessed the cocaine with the intent to distribute. Possession can be either actual or constructive, joint among several defendants, and established by circumstantial evidence. United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992), cert. denied, ---U.S.---, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993). The government proceeded on the theory that Quiroz aided and abetted in the possession with the intent to distribute the cocaine.[2] To prove aiding and abetting in a criminal venture, the prosecution must prove that the defendant (1) associated with the criminal enterprise, (2) participated in the venture, and (3) sought by action to make the venture succeed. United States v. Casilla, 20 F.3d 600, 603 (5th Cir.), cert. denied, ---U.S.---, 115 S.Ct. 240 (1994). The evidence supporting a conspiracy conviction typically supports an aiding and abetting conviction. Id.

Based on the conspiracy evidence discussed above, a reasonable jury could find that Quiroz willfully associated with the co-defendants in this criminal venture. Also, given the evidence linking Quiroz to the transportation of the cocaine, the jury could determine that he took affirmative steps to further its possession and distribution. Furthermore, in light of the large amount of

---

[2]The jury was properly instructed by the district court regarding 18 U.S.C. §2, the aiding and abetting statute.

cocaine involved, the jury could conclude that Quiroz intended to distribute the drug.  Thus, the evidence is sufficient to support Quiroz' conviction for aiding and abetting in the possession and distribution of cocaine."

Outside of this substantive change, the panel adheres to its prior opinion and the Petition for Rehearing is DENIED.  No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (FRAP and Local Rule 35) the Suggestion for Rehearing En Banc is also DENIED.