IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30649
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD A. FOSTER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CR-142-N-5)
_____
(September 26, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Howard Foster appeals the district court's denial of his motion to suppress evidence and the district court's restriction of his cross-examination of a police officer in the hearing on his motion to suppress evidence.

Foster contends that the district court abused its discretion in restricting his cross-examination of Officer Strahan concerning

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

his credibility or motive for testifying. He maintains that Strahan was biased against Foster and had a strong motive for testifying falsely at the suppression hearing.

At the suppression hearing, Foster's counsel attempted to cross-examine Strahan concerning an anonymous telephone call he had received about Foster's drug activities to show his motive for making the traffic stop. The government objected, arguing that Strahan's motive in making the traffic stop was irrelevant, provided his actions were legally authorized. In response, Foster's counsel argued:

> The point here is that my defense to this Motion to Suppress is that this is a frivolous stop and that it is a subterfuge in order to search the Defendant. And I'm attempting to establish that.

The district court sustained the Government's objection based on United States v. Causey, 834 F.2d 1179, 1184 (5th Cir. 1987) (en banc), but allowed Foster's counsel to file a supplemental memorandum in support of his position that he should be entitled to cross-examine Strahan concerning his motives in making the traffic stop. Foster did not expressly argue at the suppression hearing that his cross-examination was for the purpose of challenging Strahan's credibility, bias, or motive for testifying falsely against Foster. However, Foster implied that Strahan was biased against Foster in that Strahan had a strong motive for stopping Foster when he argued that the stop was frivolous. Later in the suppression hearing, Foster attempted to introduce the testimony of

Foster's father for the purpose of showing Strahan had a vendetta against Foster. Foster's supplemental memorandum focused on the validity of the traffic stop and not Strahan's credibility or motive for testifying.

Although the district court restricted Foster's cross-examination of Strahan concerning the motive for making the stop, the district court allowed Foster to continue cross-examining Strahan concerning the anonymous tips about Foster's alleged drug activities; whether Strahan actually observed Foster change lanes; whether Strahan planned to stop Foster even if he did not commit a traffic violation; the Slidell police department's policy on giving tickets for changing lanes without signalling; Strahan's familiarity with Foster; and Strahan's prior stops and arrest of Foster. Through these additional questions, Foster's counsel was able to show that Strahan might have been biased against Foster because Strahan knew of Foster's alleged drug activities, and had previously stopped and arrested him more than once. Because Foster was allowed to question Strahan concerning his knowledge, prior stops, and arrests of Foster, the district court did not improperly prevent Foster from conducting an adequate cross-examination into Strahan's potential bias against Foster. The district court's restriction of Foster's cross-examination was not an abuse of discretion.

Foster also maintains that the district court erred in denying his motion because the government failed to meet its burden of

proof to show that the traffic stop was based on probable cause. The "standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993), cert. denied, 114 S.Ct. 1384 (1994). The trial court's conclusions of law are reviewed de novo.

The district court did not err in determining that the officers had probable cause to make the traffic stop based on an officer's observation that Foster's car changed lanes without signalling. In United States v. Kye Soo Lee, 898 F.2d 1934, 1039 (5th Cir. 1990), the court determined that a traffic stop was valid because police officers observed the driver violate traffic laws by weaving between lanes and by speeding. At the suppression hearing, the government presented a police officer's testimony that Foster's car was stopped after officers received police radio communications that he was observed changing lanes without signalling. Foster did not present any evidence indicating that the officers did not have probable cause to make the traffic stop. Based on this evidence, the district court did not err in denying Foster's motion.

The judgment of the district court is therefore

A F F I R M E D.