IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51306
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN COBIN MARTIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-9-CR-975-ALL-H
--------------------
December 19, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

John Corbin Martin appeals his conviction for possession of machine guns in violation of 18 U.S.C. § 922(o). Martin argues that the district court erred in denying his motion to suppress. In reviewing the denial of a motion to suppress based on live testimony, we accept the district court's factual findings unless they are clearly erroneous or influenced by an incorrect view of the law. United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). "'Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses.'" United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993) (quoting United States v. Sutton, 850 F.2d 1083, 1086 (5th Cir. 1988)).

There is nothing in the record to show that the district court was clearly erroneous in finding that Martin was aware of his rights and consented to cooperate for the purpose of securing a civilian prosecution rather than a court martial, that no promise of immunity had been made to induce the consent to search, and that Martin's decision to cooperate had been an act of free will. See United States v. Garza, 118 F.3d 278, 282-83 (5th Cir. 1997).

The district court did not abuse its discretion in denying Martin's motion to withdraw his guilty plea. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

AFFIRMED.