IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51102
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIE LOUIS MACK; JIMMY T. FRIERSON,

                                        Defendants-Appellants.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-172-H
---------------------
May 22, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Willie Mack appeals his jury-trial conviction and sentence

for possession with intent to distribute marijuana and the

related conspiracy in violation of 21 U.S.C. §§ 841, 846.

Codefendant Jimmy Frierson appeals his sentence.  Mack also has

filed an "Emergency Motion" in which he asks this court to strike

his counsel's brief, or alternatively, to allow Mack to obtain

new appellate counsel or file a supplemental brief <u>pro se</u>.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because the Emergency Motion exceeds the 20-page limit for motions, Mack has filed a motion for leave to file the Emergency Motion.

Mack's motion to file a motion in excess of the 20-page limit is DENIED. FED. R. APP. P. 27(d)(2). In addition to exceeding the page limit by 40 pages, the Emergency Motion is an improper attempt to employ hybrid representation and will not be considered. See Smith v. Collins, 977 F.2d 951, 962 (5th Cir. 1992); 5TH CIR. R. 28.7.

Mack, through appointed counsel, argues on appeal that his trial counsel rendered ineffective assistance. The record has not been adequately developed for this court to consider the ineffective-assistance claims raised on direct appeal. See United States v. Haese, 162 F.3d 359, 363-64 (5th Cir. 1998).

Mack contends that the district court erred by refusing to suppress evidence found inside a suitcase, and in some clothing, in vehicle during an inventory search. An inventory search of a seized vehicle is considered reasonable and does not violate the Fourth Amendment if it is "conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger." United States v. Lage, 183 F.3d 374, 380 (5th Cir. 1999) (citation omitted).

Because the district court conducted a suppression hearing during which live testimony was adduced, we "accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). Questions of law, including whether the district court's ultimate conclusions of Fourth Amendment reasonableness are correct, are reviewed de novo. United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998). The district court found that the evidence was the product of a routine inventory conducted according to standardized procedures, and the hearing evidence adequately supports the court's conclusion. There was no error in the district court's ruling.

Mack contends that the district court should have granted his motion for an intradistrict change of venue because he was arrested in the Pecos Division Western District of Texas but tried in the El Paso Division of the Western District of Texas. Mack has a Sixth Amendment right to be tried in the district in which the alleged crime occurred. In re Chesson, 897 F.2d 156, 158 (5th Cir. 1990); see also FED. R. CRIM. P. 18. The record shows that the crime occurred in the Western District of Texas.

Mack had no constitutional right to be tried in a particular division within the district. United States v. McKinney, 53 F.3d 664, 673 (5th Cir. 1995). "A strong showing of prejudice is required to justify an intradistrict transfer," United States v. Gourley, 168 F.3d 165, 171 (5th Cir. 1999) (quotation omitted),

and we review the refusal to order an intradistrict transfer only for abuse of discretion.  <u>McKinney</u>, 53 F.3d at 673.  Mack fails to show that the district court abused its discretion by not transferring the case to the Pecos Division.  <u>See</u> <u>Gourley</u>, 168 F.3d at 171.  Mack's arguments that he was entitled to a jury instruction on venue are inapplicable.  <u>See</u> <u>United States v. Winship</u>, 724 F.2d 1116 (5th Cir. 1984) (not addressing intradistrict venue).

Mack contends that the district court misapplied the sentencing guidelines by including as relevant drug quantity cocaine found among the bundles of marijuana that were the object of the conspiracy.  This argument is frivolous because the district court excluded the cocaine from the relevant-conduct amount in accordance with Mack's objection in the trial court.

Mack's conviction and sentence are AFFIRMED.

Appellant Jimmy Frierson contends that his total offense level was improperly increased by two levels for obstruction of justice.  Section 3C1.1 of the sentencing guidelines provides for a two-level increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense."  <u>See</u> <u>United States v. Storm</u>, 36 F.3d 1289, 1295 (5th Cir. 1994) (quoting U.S.S.G. § 3C1.1).  The conduct to which the adjustment applies includes (1) "threatening, intimidating, or otherwise unlawfully

influencing a codefendant, witness or juror, directly or indirectly, or attempting to do so"; (2) "suborning or attempting to suborn perjury"; or (3) "producing or attempting to produce a false" document.  U.S.S.G. § 3C1.1, comment. (nn. 4(a-c)).

The district court's application of the sentencing guidelines is reviewed de novo, and its findings of fact, such as whether the defendant obstructed justice, are reviewed for clear error.  United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999), cert denied, 528 U.S. 1191 (2000).  Where a factual finding is plausible in light of the record as a whole, it is not clearly erroneous.  Id.  The district court's conclusion that Frierson wilfully obstructed justice was supported by trial testimony showing that Frierson attempted to persuade or coerce a codefendant not to testify, and the record shows that he signed motions that relied on a false affidavit.  The district court's finding of willful obstruction of justice is plausible in light of the record and was not clear error.  Frierson's offense level was properly increased by two levels for obstruction of justice. His sentence is AFFIRMED.

The judgment of the district court is AFFIRMED.  All motions are DENIED.