IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51233
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL D. KERR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-58-ALL-SS
--------------------
August 14, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael D. Kerr appeals his conviction for being a felon in possession of a firearm. He argues that the district court erred in denying his motion to suppress the evidence given a conflict in the officers' testimony regarding the smell of marijuana after his vehicle was stopped for speeding.

We review whether the trial court's factual findings, based on live testimony at a suppression hearing, are clearly erroneous

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or influenced by an incorrect view of the law.  See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).  This court views the evidence in the light most favorable to the prevailing party.  See United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998).

When a trial judge's finding is based on his decision to credit the testimony of one or more witnesses, "each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."  United States v. Gillyard, 261 F.3d 506, 509 (5th Cir. 2001) (internal quotation and citation omitted).  Here, the officers' testimony was not contradicted by extrinsic evidence and was not internally consistent.  The fact that one officer testified that he smelled marijuana and the other officer testified that he did not can be explained by the testimony that established that the officer who testified that he smelled marijuana was standing closer to the car.  Moreover, the district court found the officers' testimony on which probable cause was based to be credible and more reliable in that they had taken notes and written reports after the incident.

Kerr also argues that 18 U.S.C. § 922(g)(1) is unconstitutional in that it allows the conviction of a defendant who possesses a gun whose only nexus with interstate commerce was that at some point in the past the gun traveled in interstate commerce.  Because Kerr did not challenge the statute's

constitutionality below, we review for plain error.  See United States v. Lankford, 196 F.3d 563, 570 (5th Cir. 1999).

As conceded by Kerr, this court has repeatedly rejected constitutional challenges under Lopez to 18 U.S.C. § 922(g)(1) convictions, concluding that 18 U.S.C. § 922(g)(1)'s interstate commerce element is satisfied by the possession of a firearm that was manufactured in a different state or country.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002).

This court is bound by both its own precedent and that of the Supreme Court.  See United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Consequently, Kerr's argument regarding the constitutionality of 18 U.S.C. § 922(g)(1) fails.  The district court's judgment is AFFIRMED.