IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40739
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIMIKA LAVETTE VAUGHNS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-30-1
--------------------
December 24, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shimika Lavette Vaughns appeals her conditional guilty-plea conviction for conspiracy to distribute more than 50 grams of cocaine base and marijuana. She argues that her motion to suppress the evidence seized should have been granted because the reason for the initial investigatory stop, the traffic infraction, did not justify the prolonged detention and subsequent search.

This court reviews a motion to suppress based on live testimony at a suppression hearing by accepting the trial court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings unless clearly erroneous or influenced by an incorrect view of the law. See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). A search and seizure must be reasonably related in scope to the circumstances which justified the stop in the first place. See United States v. Valadez, 267 F.3d 395, 397-98 (5th Cir. 2001); see also Terry v. Ohio, 392 U.S. 1, 19-20 (1968).

In order to continue a detention after a computer check is complete and the officer either issues a citation or determines that no citation should be issued, the officer must have reasonable suspicion supported by articulable facts that a crime has been or is being committed. United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000); see also Valadez, 267 F.3d at 398. Here, officers had a reasonable suspicion supported by articulable facts that a crime was being committed given their recognition of the driver of the vehicle and information linking the driver of the vehicle with drug-related offenses. Moreover, during the initial traffic stop, the driver became visibly more nervous after he saw one of the officers. Vaughns has not shown that the district court erred in denying her motion to suppress. The district court's judgment is AFFIRMED.