United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41140
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG BYRON THARP,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CR-32-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Craig Byron Tharp appeals his conditional guilty-plea conviction for being a felon in possession of a firearm and his sentence. Tharp argues that the district court erred in denying his motion to suppress the evidence seized from his residence. Based on the evidence presented at the sentencing hearing, the district court did not err in determining that the initial search of Tharp's residence was based on his voluntary consent. See United States v. Shelton, 337 F.3d 529, 531-32 (5th Cir. 2003).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While talking to Tharp, Cherokee County Sheriff's Lieutenant Keith Radcliff observed a shotgun and a hand-rolled cigarette in plain view through the open door of Tharp's trailer residence. See United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998) (Activities "such as leaving doors open, likewise compromise any reasonable expectation of privacy."). Radcliff asked to inspect the cigarette, and Tharp voluntarily handed it to Radcliff. Radcliff determined it was marijuana and asked Tharp whether he had any other marijuana. Tharp voluntarily gave Radcliff the additional marijuana that he had in a kitchen cabinet. When Radcliff asked whether Tharp had any other narcotics, Tharp responded negatively and stated that Radcliff could search the trailer. See Shelton, 337 F.3d at 531-32. Radcliff searched the kitchen area and observed several hand grenade bodies. Radcliff asked Tharp to exit the trailer and handcuffed him. Radcliff's supervisor, John Rhodes, subsequently obtained a search warrant for Tharp's residence. Based on the evidence presented at the suppression hearing, the district court did not err in denying Tharp's motion to suppress. See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).

Tharp argues that the district court used the wrong base offense level, improperly determined the number of firearms involved in the offense, improperly found the grenade parts and pipe were destructive devices, and erred in not reducing his offense level because the firearms were for sporting purposes.

Because Tharp was a prohibited person based on his prior felony conviction and because he possessed a combination of parts which could be converted into a destructive device under 26 U.S.C. § 5845 and U.S.S.G. § 2K2.1(a)(4)(B), the district court did not err in determining that his base offense level was 20 under § 2K2.1(a)(4)(B). Tharp did not challenge the number of firearms in the district court. The district court did not plainly err in increasing his offense level by two points under § 2K2.1(b)(1)(A) as Tharp possessed five firearms. See United States v. Rodriguez, 15 F.3d 408, 414-15 (5th Cir. 1994). Because the offense involved a destructive device, the district court did not err in increasing Tharp's offense level by two points pursuant to § 2K2.1(b)(3) and § 2K2.1, comment, n.11. Because Tharp was subject to § 2K2.1(a)(4) and because there was no lawful sporting purpose for a destructive device, the district court did not err in determining that § 2K2.1(b)(2) was inapplicable.

Tharp argues that the district court's use of relevant conduct to determine his sentence violates the principles of Castillo v. United States, 530 U.S. 120 (2000), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227, 232 (1999). These cases are inapplicable to Tharp's case as his 51-month sentence did not exceed the statutory maximum of 10 years under 18 U.S.C. § 922(g). Further, Tharp has not shown that these cases preclude the use of relevant conduct for determining the appropriate sentence under the United States Sentencing Guidelines.

He has also not shown that either <u>Jones</u> or <u>Apprendi</u> supports his argument that the use of relevant conduct to establish his base offense level violates his Sixth Amendment right to notice and a jury trial.

Tharp argues that the Government did not present sufficient evidence to establish that the grenade bodies and the galvanized pipe found in his residence were capable of being assembled into destructive devices. At the sentencing hearing, Special Agent Crossland, a certified explosive specialist with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, testified that Tharp possessed hand grenade bodies, spoon assemblies, a capped pipe, four pounds of rifle powder, one pound of smokeless powder, and green cannon fuse. Agent Crossland testified that, based on his experience, these component parts could be assembled into a destructive device. Because Tharp did not present any rebuttal evidence, the district court was entitled to rely on the facts presented in the Presentence Report and Agent Crossland's testimony. <u>See</u> <u>United States v. Lowder</u>, 148 F.3d 548, 552 (5th Cir. 1998).

AFFIRMED.