United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-41521
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

**versus**

**FRANK DAVIS,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(C-03-CR-94-1)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Frank Davis appeals his convictions for possession with intent to distribute approximately 47 kilograms of marijuana and conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. Davis contends the district court erred by denying his pre-trial motion to suppress his inculpatory statements. Davis asserts he made those statements without counsel present after his request that counsel be present before he spoke

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with law enforcement officers regarding this matter.  The motion was denied, after a hearing, immediately prior to trial.

Our court will accept a district court's factual findings based on live testimony at a suppression hearing "unless [they are] clearly erroneous or influenced by an incorrect view of the law". *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993*), cert. denied*, 511 U.S. 1010 (1994). When a suppression motion is denied, the evidence is viewed in the light most favorable to the Government.  *E.g., United States v. Garza*, 118 F.3d 278, 282-83 (5th Cir. 1997).

Davis requested that counsel be present during his first meeting with Drug Enforcement Agency Agents regarding this matter, but he did not make any inculpatory statements at that time.  Davis initiated his next conversation with DEA Agents, was informed of his *Miranda* rights prior to making any statements, and signed a *Miranda* waiver.  Because Davis initiated the conversation during which he made the inculpatory statements, his right to counsel was not violated, even though he had previously requested counsel.  *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981)*; Mann v. Scott*, 41 F.3d 968, 975-76 (5th Cir. 1994).

*AFFIRMED*