United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERENCE ANDERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-244-ALL-H
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Terence Anderson appeals his conditional guilty-plea conviction for unlawful possession of 16 firearms which were not registered to him in the national registry. Anderson argues that the district court erred in denying his motion to suppress evidence seized from a hidden compartment within his home.

Anderson first disputes the district court's findings that the private search by Anderson's wife of the hidden compartment was reasonably foreseeable. Anderson secondarily argues that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wife lacked actual or apparent authority to consent to the search of the hidden compartment.

Based on Anderson's wife's status as co-owner and co-occupant of the marital home, it was reasonably foreseeable that she might enter and search the hidden compartment, despite Anderson's orders to the contrary and regardless of the circumstances surrounding Anderson's extra-marital activities. See United States v. Shelton, 337 F.3d 529, 536-38 (5th Cir. 2003), cert. denied, 124 S. Ct. 1507 (2004). Similarly, given Anderson's wife's equal rights to the use and occupation of the marital home, she was authorized to give valid consent to the search of the premises. See id. Accordingly, the district court did not err in denying Anderson's motion to suppress. See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).

AFFIRMED.