United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30499
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN EDWARD MILLER, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-132-6-B
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Alvin Edward Miller, Jr., appeals his conditional guilty-plea conviction and sentence for conspiracy to distribute more than five kilograms of cocaine and possession with the intent to distribute more than 500 grams of cocaine.  Miller argues that the district court erred in denying his motion to suppress evidence seized from his vehicle.  Specifically, Miller contends that the anonymous tip leading to his arrest was unreliable and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore failed to establish the requisite reasonable suspicion to justify the traffic stop.

Contrary to Miller's assertion, the information provided by the anonymous caller concerned Miller's involvement in an active drug transaction. Furthermore, the investigating officers took steps to test and verify the information provided by the caller. Under the "totality of the circumstances," the information provided by the anonymous tipster, coupled with Miller's subsequent suspect behavior, established sufficient reasonable suspicion that criminal activity was afoot. See Alabama v. White, 496 U.S. 325, 330-31 (1990); United States v. Gonzalez, 190 F.3d 668, 672 (5th Cir. 1999). Accordingly, the district court did not err in denying Miller's motion to suppress. See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and by presumed extension, United States v. Booker, 125 S. Ct. 738 (2005),[**] Miller asserts that his sentencing enhancements under 21 U.S.C. § 851(a) and for relevant drug-quantity conduct are unconstitutionally excessive. As Miller failed to raise this claim in the district court, our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

---

[**] Miller has not supplemented his original Blakely argument with a discussion of Booker's impact on his case.

For purposes of Miller's 240-month sentence on the conspiracy count, <u>Booker</u> is not implicated.  <u>See</u> <u>United States v. Izaguirre-Flores</u>, 2005 WL 730070 at *4 n.9 (5th Cir. Mar. 31, 2005) (noting that <u>Booker</u> does not control analysis of the Guidelines as they treat a prior conviction).  To the extent the Guidelines' offense grouping provisions and drug quantity calculation rendered Miller's enhanced 240-month sentence on the substantive drug offense unconstitutional, Miller's <u>Blakely</u>/<u>Booker</u> claim fails at the third step of the plain error test because he has not shown that the error affected his substantial rights.  <u>See</u> <u>Mares</u>, 402 F.3d at 522.

AFFIRMED.