United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40356
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TRENT NAIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CR-34-ALL
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Michael Trent Nail appeals his conditional guilty-plea conviction for possession of a firearm by a convicted felon. He argues that the district court erred by denying his motion to suppress because the warrantless entry onto his property by sheriff's deputies violated the Fourth Amendment and because the warrantless seizure of the firearm was not permissible under the plain view doctrine.

The "standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993). We view the evidence in the light most favorable to the prevailing party and will not second-guess the district court's findings as to the credibility of witnesses. United States v. Garza, 118 F.3d 278, 282-83 (5th Cir. 1997). We review questions of law de novo. United States v. Paige, 136 F.3d 1012, 1017 (5th Cir. 1998).

Analysis of the four pertinent factors reveals that the entry of Panola County Sheriff's Deputies Ronnie Endsley and Adam Jones onto Nail's property and their subsequent approach to the door of his residence was lawful under the open fields doctrine. See United States v. Thomas, 120 F.3d 564, 571 (5th Cir. 1997). Following a consensual search of Nail's residence, Deputy Endsley observed the firearm under Nail's residence while the deputies were leaving. Deputy Endsley lawfully observed the pistol in plain view. As the incriminating character of the firearm was readily apparent, and Deputy Endsley was legally on the curtilage of Nail's residence when he made the seizure, the seizure of the firearm was permissible under the plain view doctrine. See Paige, 136 F.3d at 1023-24. The subsequent seizure of the holster and shell casings from Nail's residence was also permissible under the plain view doctrine because the objects were in plain view, their incriminating character was readily apparent, and the deputies were lawfully in Nail's residence executing an arrest warrant when the

2

seizure was made.  See United States v. Munoz, 150 F.3d 401, 411-12 (5th Cir. 1998). The district court therefore correctly denied Nail's motion to suppress.

AFFIRMED.