# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2010

Lyle W. Cayce
Clerk

No. 10-50068
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY HERSCHEL LUCKEY,
Also Known as Trey, Also Known as Trey Luckey,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:09-CR-228-3

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leroy Luckey appeals his conviction of aiding and abetting the possession
with intent to distribute a quantity of a mixture and substance containing meth-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

amphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. Luckey argues that the district court erred in denying his motion to suppress evidence that was obtained from the search of a vehicle in which he was a passenger. He contends that the traffic stop violated the Fourth Amendment because the stop was performed by an officer who did not personally witness the traffic violation but rather performed the stop based on the observations of another officer.

"This Circuit's standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993). Questions of law, including whether the district court's ultimate conclusions of Fourth Amendment reasonableness are correct, are reviewed *de novo*. *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998). The facts are viewed in the light most favorable to the prevailing party. *Id.*

Traffic stops are seizures within the meaning of the Fourth Amendment. *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003). Although Luckey, as a passenger, lacks standing to challenge the search of the car, he has "standing to challenge the seizure of his person as unconstitutional." *Id.* The legality of traffic stops is analyzed under the reasonable suspicion standard of *Terry v. Ohio*, 392 U.S. 1 (1968), which looks to "whether the officer's action was justified at its inception" and "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *Grant*, 349 F.3d at 196.

Regarding whether the search was justified at its inception, Luckey does not challenge that a traffic violation occurred. His argument that the search was unreasonable because the officer who initiated the traffic stop did not personally observe the traffic violation is without merit. According to the "collective knowledge doctrine," an officer may rely on information supplied by other officers that

indicates that an offense has occurred. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999).

Regarding the scope of the search, the officer who initiated the stop was constitutionally permitted to order the driver to step out of the automobile. *United States v. Shabazz*, 993 F.2d 431, 437 n.7 (5th Cir. 1993). When the driver did so, the officer observed a drug pipe, in the compartment of the door, that provided additional reasonable suspicion of criminal activity and a basis for continued detention. *See Grant,* 349 F.3d at 198; *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).

The officer then requested permission to search the vehicle, and the driver consented. Luckey does not challenge the consensual nature of the search, *see Shabazz*, 993 F.2d at 438, or contend that it exceeded the scope of the consent, *see United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements. *Id.* Also, a voluntary consent to search cures "any earlier ostensibly illegal detention." *United States v. Navarro*, 169 F.3d 228, 232 (5th Cir. 1999). Finally, Luckey's reliance on *Knowles v. Iowa*, 525 U.S. 113, 114-15 (1998), is misplaced, because this case, unlike *Knowles*, involves a consensual search.

The judgment is AFFIRMED.