IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40296
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FRANK EDWARD WILLIAMS,

                              Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
- - - - - - - - - -
November 6, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

Frank Edward Williams appeals from the district court's judgment of conviction, after entry of a conditional guilty plea, for conspiring to possess with intent to distribute cocaine base. He argues that the district court erred by denying his motion to suppress, by increasing his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during a drug-trafficking offense, by failing to reduce his base offense level under § 3B1.2 for minor/minimal participant status, and that § 2D1.1 is violative of the Fourteenth Amendment as racially discriminatory. Finding that the district court committed no error and that Williams' contentions are unavailing, we affirm.

One point is worth some discussion.  Williams' sole challenge to the propriety of the district court's denial of his motion to suppress is whether a dog sniff can "establish probable cause in a warrantless search without showing evidence of the dog's training and reliability."  The following facts, as found by the district court, are uncontested and bear on this challenge.  A vehicle driven by codefendant Frank Edward Williams was stopped for a traffic violation by DPS Trooper Washington and his partner.  Codefendant Danyell Deoncore Waters was a passenger.  After initiating background checks on the car and its occupants, Washington observed what he thought were metallic shavings, commonly used in the consumption of crack, on the front floorboard.  He then obtained consent (as found by the district court and not challenged on appeal) and noticed during a search of the trunk that apparently the rear seat had been removed.  Suspicions aroused by these and other circumstances (including dealer tags on a seven-year-old car and a patchy paint job of questionable quality), Washington called for a canine unit; the canine alerted after sniffing around the right rear quarter panel.  The officers then searched the quarter panel and found crack and a firearm.   Williams and Waters were arrested.

Williams filed a motion to suppress in the district court contesting the search and seizure of the automobile he was driving which yielded cocaine base.  After a hearing, the district court denied the motion to suppress, holding that the traffic stop was legal, the length of the investigatory stop was

2

not improper, the search of the car's trunk was consensual, and that the "dog sniff" was based on a "reasonable, articulable suspicion.

The district court specifically held that "probable cause for a search [of the car's trunk] did not exist" before the dog sniff. Williams argued, in the district court, that "the training and reliability of a drug dog prior to reliance on a sniff test [is required] to justify a warrantless search." The district court, noting that this court had not addressed the precise issue, found the argument foreclosed by <u>United States v. Daniel</u>, 982 F.2d 146, 151-52 & n. 7 (5th Cir. 1993), because under <u>Daniel</u>, "the necessity of establishing a drug dog's reliability in an application for a search warrant . . . was not necessary."

Williams pleaded guilty pursuant to a written plea agreement to conspiring to possess with intent to distribute cocaine base, reserving the right to appeal the denial of the motion to suppress.

Williams urges this court to follow <u>United States v. Diaz</u>, 25 F.3d 392, 393-94 (6th Cir. 1992), which held that the training and reliability of a dog must be established when a dog sniff is used to establish probable cause to search.

The "standard of review for a motion to suppress based on live testimony the suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." <u>United States v. Alvarez</u>, 6

3

F.3d 287, 289 (5th Cir. 1993), cert. denied, 114 S. Ct. 1384 (1994). The trial court's conclusions of law are reviewed de novo. Id.

Although there is no authority directly on point, the district court's determination was not error. The fact that the dog alerted provided probable cause to search. See United States v. Seals, 987 F.2d 1102, 1107 (5th Cir.), cert. denied, 114 S. Ct. 155 (1993). Further, Daniel appears controlling. Daniel held that "Daniel's theory that an affidavit must show how reliable a drug-detecting dog has been in the past" is without jurisprudential support in this circuit. Daniel, 982 F.2d 152 n.7. Because a showing of the dog's reliability is unnecessary with regard to obtaining a search warrant, a fortiori, a showing of the dog's reliability is not required if probable cause is developed on site as a result of a dog sniff of a vehicle. But see Diaz, 25 F.3d at 394 (holding that "to support a determination of probable cause, the training and reliability of the dog must be established.").

Williams's judgment of conviction and sentence are AFFIRMED.

4