

Joseph Batte, Assistant United States Attorney, Beaumont, TX, for U.S.

Thomas Burbank, Frank J. Maida & Associates, Beaumont, TX, for William Bruce Hare.

James DeLee, Attorney at Law, Port Arthur, TX, for John Timothy Majors.

Dan Cogdell, Boyd & Cogdell, Houston, TX, for Tamorra Lynn Pinkston.

## UNITED STATES of America

v.

## William Bruce HARE, John Timothy Majors, and Tamorra Lynn Pinkston.

### No. 1:95CR174–2.

United States District Court,
E.D. Texas,
Beaumont Division.

May 13, 1996.

See also 932 F.Supp. 843.

### *ORDER*

HEARTFIELD, District Judge.

Pending before the court is Defendant Timothy Majors' Request for Additional Discovery of the certificate and kennel papers of the drug alert dog [165] which was used to establish probable cause to open the trunk of Majors' Buick automobile.

Fifth Circuit case law is unclear on the subject of what evidence is required when a dog alert establishes probable cause. One Fifth Circuit case addressed the issue of whether "the training and reliability of a drug dog prior to reliance on a sniff test [is required] to justify a warrantless search." *United States v. Williams*, 69 F.3d 27, 28 (5th Cir.1995). A showing of training can be met by producing certification and periodic recertification of the dog's structured training. Proof of reliability involves past performance records, including instances where the dog alerted and whether the alert was accurate positive or false positive. *See United States v. Wood*, 915 F.Supp. 1126 (D.Kan. 1996). The *Williams* court found the argument foreclosed by *United States v. Daniel*, 982 F.2d 146, 151–52 & n. 7 (5th Cir.1993)

and held that a showing of the dog's reliability is not necessary if probable cause is developed on site as a result of a dog sniff of a vehicle. However, the holding did not mention anything about the dog's training or certification. *Williams*, 69 F.3d at 28. The court refused to follow the Sixth Circuit standard requiring a showing of both training and reliability. *See United States v. Diaz*, 25 F.3d 392, 393–94 (6th Cir.1994) (holding that "to support a determination of probable cause, the training and reliability of the dog must be established."). Thus, Williams explicitly answered only part of its inquiry. Reliability of the dog need not be shown. Williams left unanswered the question of whether proof of the dog's training must be shown.

The case law advocating the use of canines to detect narcotics consistently refers to "trained" dogs. *See United States v. Wright*, 706 F.Supp. 1268, 1275 (N.D.Tex.1989) *citing Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). Therefore, it appears that some showing of training must be made. This does not necessarily mean that the certification must be produced. In this case, Deputy Gary Porter testified that on the day of the search, November 19, 1995, his dog, Allie, was certified in detecting narcotics. The court finds that the government has, through the testimony of Deputy Porter, made a showing of the dog's training. Therefore, production of documentation in this case is not necessary.

Furthermore, the dog alert, in this case, was only one means of obtaining probable cause. The court's memorandum opinion on the motion to suppress entered on May 3, 1996, finds that although the search of Major's car based on the dog alert was proper, the officers had probable cause to conduct a search solely on the corroborated information from the informants. Memorandum Opinion, p. 11. Therefore, the dog sniff was another factor that served to corroborate the informants' information; the dog sniff was not essential for probable cause. Perhaps in a situation where a dog sniff is the only means of obtaining probable cause, a court might require a stronger showing of the dog's "training."

Accordingly, the court denies Defendant Timothy Majors' Request for Additional Discovery of the certificate and kennel papers of the drug alert dog [165].