**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20932
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LAWRENCE LEE MCMILLIAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-95-0119)

May 15, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

On appeal of his conviction as a felon in possession of a firearm, Appellant contends that the district court erred by failing to conduct an evidentiary hearing on his motion to suppress and in failing to grant the motion to suppress because the reliability (credibility?) of the drug sniffing dog was not sufficiently established in the affidavit which supported the

_____

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

warrant. We affirm.

Following a tip regarding suspicious activity possibly involving drugs, the police discovered the Appellant and another person loading canisters into a pickup truck. After receiving consent to search the truck, the officers found several items associated with drug manufacturing and smelled a strong unidentifiable odor emanating from a metal drum loaded in the truck. An additional officer was called to the scene and confirmed that the odor was that of a chemical used to manufacture illegal drugs. Suspecting that an automobile also on the premises, which had been driven there by Appellant, contained evidence of drug activity, but unable to obtain consent to search the vehicle, the officers brought forward a drug sniffing dog which alerted on the rear of the car. Based upon this alert and the other information that was available to them, the officers obtained a search warrant for the car. Execution of the warrant revealed a handgun in the front seat of the car, and a shotgun in the trunk, but no drugs.

Appellant argues that the district court erred by failing to conduct an evidentiary hearing on his motion to suppress the evidence obtained as a result of the search of his car and that the warrant lacked probable cause because it failed to provide a basis for the issuing magistrate to evaluate the accuracy and reliability of the dog. He argues that, standing alone, the dog's alert cannot constitute probable cause.

We review a refusal to conduct an evidentiary hearing on a motion to suppress for abuse of discretion. <u>United States v.</u>

Harrelson, 705 F.2d 733, 737 (5th Cir. 1983).  Because the law of this Circuit has made clear that a supporting affidavit need not establish the reliability of the narcotics dog the district court did not abuse its discretion by declining to hold a hearing. United States v. Daniel, 982 F.2d 146, 151 n. 7 (5th Cir. 1993). There were no factual allegations made to the district court which, if proven, would justify suppressing evidence from the search of the car.  This Court, in United States v. Williams, 69 F.3d 27, 28 (5th Cir. 1995); cert. denied, 116 S.Ct. 1284 (1996), following the earlier opinion in Daniel held that the drug dog's alert, in and of itself, constitutes probable cause for the search.  In Williams we specifically declined to adopt the contrary rule expressed by the Sixth Circuit in United States v. Diaz, 25 F.3d 392, 394 (6th Cir. 1994) which McMillian now urges us to do.  Williams, 69 F.3d at 28. We are unable to comply.

AFFIRMED.