**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-30593
Summary Calendar

---

NAHU RESENDIZ; EVARISTO LANDA COVARRUBIAS, individually and on behalf of Jessie Landa Covarrubias,

Plaintiffs-Appellants,

VERSUS

KEVIN MILLER, Individually & in his official capacity as officer of the Sulphur Police Department; BILLY CRADDOCK, Individually & in his official capacity as officer of the Sulphur Police Department; T.J. ANDRUS, Individually & in his official capacity as Chief of Police of the Sulphur Police Department; POLICE DEPT CITY OF SULPHUR; CITY OF SULPHUR,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

February 25, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

Nahu Resendiz and Evaristo Landa Covarrubias filed suit pursuant to 42 U.S.C. § 1983 (1994) alleging that the defendants violated their Fourth Amendment rights by arresting them without probable cause and without a warrant. The district court granted

1

the defendants' motion for summary judgment on the basis of qualified immunity after determining that the arrest was based on probable cause.  We affirm.

We review the grant of a motion for summary judgment *de novo*, using the same criteria applied by the district court.  *See United States v. 1988 Oldsmobile Supreme*, 983 F.2d 670, 673 (5th Cir. 1993).  Summary judgment is required when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Ellert v. University of Texas at Dallas*, 52 F.3d 543 (5th Cir. 1995).

A warrantless arrest must be based on "probable cause." Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.  *See United States v. Wadley*, 59 f.3d 510, 512 (5th Cir. 1995).  The presence of probable cause is a mixed question of fact and law.  *See id.*  Because there is substantial agreement between the parties concerning the facts of this case, we focus on the ultimate determination of whether there was probable cause for the arrest, which is a question of law that we review *de novo*.  *See id.*

The record reveals that the totality of the circumstances known to the officers at the time of arrest of Resendiz and

Covarrubias is as follows. The appellants were traveling in a new vehicle registered the day before in a state in which neither man lived. The owner of the vehicle did not have a driver's license. Both men were carrying considerable amounts of currency (over $11,000 in all), much of it stuffed into Resendiz's shoes. A drug sniffing canine alerted twice to the shoes and the cash.

A drug-sniffing canine alert is sufficient, standing alone, to support probable cause for a search. *See United States v. Williams*, 69 F.3d 27, 28 (1995).[1] Although *Williams* involved a search rather than an arrest, we found the reasoning in *Williams* instructive in determining that a signal from electronic device used to track bait money taken during a bank robbery constituted a sufficient basis for probable cause for a warrantless arrest. *See United States v. Levine*, 80 F.3d 129, 134 (5th Cir. 1996). In addition to the canine alert,[2] the officers in this case properly considered the large amounts of cash in the appellants' possession as well as the vehicle registration information in deciding to

---

[1] *Williams* has been mistakenly cited for the proposition that a dog alert alone is "sufficient to support probable cause for a warrantless *arrest*." *United States v. Levine*, 80 F.3d 129, 133 (5th Cir. 1996)(emphasis added). Apparently a clerical error, this statement was not the holding of either *Williams* or *Levine.*

[2] The Fifth Circuit has not had the occasion to decide whether a drug dog alert alone is sufficient to constitute probable cause to arrest the person associated with the item that prompted the alert. *See, e.g., United States v. Mendez*, 27 F.3d 126, 130 n.5 (5th Cir. 1994). Because other factors supported the probable cause determination in this case, we do not reach the question.

arrest the appellants. *See, e.g., United States v. Kye Soo Lee*, 962 F.2d 430, 436 n.2d (5th Cir. 1992)(officers had probable cause to arrest driver and passenger based on, *inter alia,* registration of vehicle in state other than point of origin or destination of either occupant and their possession of an unusually large amount of cash). We therefore conclude that the totality of facts and circumstances known to the officers at the time of the arrest in this case was sufficient to establish probable cause.

Accordingly, appellants have failed to establish a violation of their Fourth Amendment rights and appellees are entitled to qualified immunity. *See Kerr v. Lyford*, 171 F.3d 330, 338 (5th Cir. 1999). Based on the foregoing, we affirm the judgment of the district court.

AFFIRMED.