IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40783
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES HERMAN STEVENSON, JR.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-86-1
- - - - - - - - - - -
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Herman Stevenson, Jr., appeals from his conviction for conspiracy to possess with the intent to distribute cocaine base, possession with the intent to distribute cocaine base, and carrying a firearm in relation to drug trafficking. He argues that the warrantless search of the automobile was not supported by probable cause because the police officers did not have reasonable suspicion to employ a drug-detecting canine.

Stevenson did not file a motion to suppress in the district court; instead he objected to the admission of the evidence

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seized following the search of the automobile.  Because, however, he did not make the specific argument in the district court concerning the propriety of the use of the canine, review of the issue is for plain error.  See United States v. Spires, 79 F.3d 464, 465 (5th Cir. 1996); see United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994)(alleged constitutional error in criminal conviction reviewed for plain error).  To demonstrate plain error, Stevenson must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings but is not required to do so.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

A dog's "sniff" of a vehicle is not a search, United States v. Seals, 987 F.2d 1102, 1106 (5th Cir. 1993), and does not implicate the Fourth Amendment.  United States v. Mendez, 27 F.3d 126, 129 n.4 (5th Cir. 1994).  A dog alert alone can provide the probable cause necessary to support a warrantless search of a vehicle under the automobile exception to the warrant requirement.  See United States v. Williams, 69 F.3d 27, 28 (5th Cir. 1995), citing Seals, 987 F.2d at 1107.  Stevenson cannot show that it was plain error for the district court to admit the evidence the officers seized from the automobile.

Stevenson's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.