**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-60621

(Summary Calendar)

_____

TROY E. COOK,

Plaintiff-Appellant,

versus

SONNY FAULKNER, Etc.; ET AL.,

Defendants,

SONNY FAULKNER, Sheriff of Union County, Mississippi,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 3:94-CV-5-S-A

April 28, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy E. Cook, Mississippi prisoner # 033020, filed a 42 U.S.C. § 1983 complaint against

Union County Sheriff Sonny Faulkner and Police Chief David Grisham, alleging that they had violated

his constitutional rights by housing him in the Union County Jail with inmates who had tuberculosis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("TB") and from whom he contracted the disease. He now appeals *pro se* from the district court's grant of summary judgment in favor of appellee Sonny Faulkner.[1] For the reasons set forth below, we affirm the judgment of the district court.

On appeal, Cook first argues that the district court erred in granting summary judgment in light of his court-appointed counsel's failure to respond to Faulkner's summary judgment motion. We review the grant of a motion for summary judgment *de novo*, applying the same standard utilized by the district court. *See Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000).

Cook argues that he was denied effective assistance of counsel, but he fails to address the district court's grant of summary judgment on the merits. A civil litigant proceeding under § 1983 has no constitutional or absolute constitutional right to counsel. *See Ulmer v. Chancellor,* 692 F.2d 209, 212-13 (5th Cir. 1982). Consequently, there can be no legally cognizable constitutional claim of ineffective assistance of counsel in such a proceeding. By failing to challenge the grant of summary judgement on the merits in his initial appellate brief, Cook has waived the issue. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 (5th Cir. 1998). Standing alone, Cook's unsubstantiated assertions that he was exposed to tuberculosis while housed in the Union City jail are insufficient to satisfy his summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("This [summary judgment] burden is not satisfied with 'some metaphysical doubt as to the material facts," by 'conclusory allegations," by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. . . . We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.") (internal citations omitted).

Cook further contends that the district court abused its discretion by denying his request for new counsel submitted after the magistrate judge issued a report recommending that summary judgment be granted (and thus when the district court's disposition of the case was at hand). Cook has failed to demonstrate that the district court abused its discretion in denying his request for the

---

[1] Cook agreed to dismiss his claims against Grisham with prejudice pursuant to Fed. R. Civ. P. 41.

appointment of counsel at this juncture in the case. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  Accordingly, the judgment of the district court is AFFIRMED.