**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JOHN CHARLES STANLEY,
　　　　　　*Defendant-Appellant.*

No. 00-4289

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-99-390-CCB)

Submitted: January 26, 2001

Decided: February 6, 2001

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GIL-DEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Jonathan P. Luna, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John Charles Stanley appeals the denial of his suppression motion and his resulting conviction pursuant to a guilty plea for violation of 21 U.S.C. § 841(a) (West 1999) and 18 U.S.C. § 2 (1994), possession with intent to distribute cocaine base. We affirm.

This Court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). It is the role of the fact finder to observe witnesses and weigh their credibility during pretrial motions to suppress and this court accords great deference to these findings. *See United States v. Murray*, 65 F.3d 1161, 1169 (4th Cir. 1995).

Stanley was driving in Maryland when he was stopped by police for a vehicle equipment violation. Stanley was detained while an outstanding New Jersey warrant was confirmed. A canine officer was called to the scene and the drug dog alerted on the trunk of the car Stanley was driving. "Having the trained dog sniff the perimeter of [defendant's] vehicle, which had been lawfully stopped in a public place, did not of itself constitute a search." *United States v. Jeffus*, 22 F.3d 554, 556-57 (4th Cir. 1994) (*citing United States v. Place*, 462 U.S. 696,707 (1983)).

Moreover, the district court properly found Officer Amoia entitled to rely on the dog handler's statement that the dog had alerted to believe that the dog had done so. *Conrod v. Williams*, 120 F. 3d 92, 98 (8th Cir. 1997). The district court's findings regarding the dog's training and reliability are factual in nature and subject to the clearly

erroneous standard of review. *United States v. Diaz*, 25 F.3d 292, 394 (6th Cir. 1994). Courts disagree as to whether and what evidence is necessary to establish the reliability of a trained narcotics dog. *United States v. Kennedy*, 131 F.3d 1371, 1376-77 (10th Cir. 1997); *United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995); *Diaz*, 25 F.3d at 394. Assuming, without deciding, that some evidence is necessary, we find Officer Amoia's testimony regarding his familiarity with the dog and its training sufficient to establish the dog's reliability in this case. The search that followed the alert by the drug dog revealed bags in the trunk of Stanley's car containing controlled substances. Those packages, even if closed, were properly searched. *See California v. Acevedo*, 500 U.S. 565, 580 (1991).

Moreover, Stanley was subject to arrest under the outstanding New Jersey warrant and upon his arrest the car he was driving, which was registered to another who was not present, would have been impounded and searched under written police policy. An inventory search, even if not thorough and complete, satisfies the Fourth Amendment if administered in good faith. *Colorado v. Bertine*, 497 U.S. 367, 369-70 & 374 (1987). Any omissions from the inventory list created from the search of Stanley's car were not sufficient to create an inference of bad faith on the part of police. *Id.*

The district court therefore properly found the search of the car based on probable cause as a result of the dog alert, that the closed containers within the car were lawfully searched and that, had the dog not alerted on the car, the evidence would have been inevitably discovered in a valid inventory search. The district court's order denying Stanley's suppression motion and judgment and commitment order are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*