United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02 – 41157
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ALDO MEZA,

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Southern District of Texas
(L-02-CR-445-ALL)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review the district court's denial of Defendant - Appellant, Luis Aldo

Meza's (hereinafter, "Meza"), motion to suppress evidence of concealed people discovered in his

vehicle by United States Border Patrol agents at an immigration checkpoint. For the following

reasons, we affirm the district court's judgment.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

I.

FACTUAL AND PROCEDURAL BACKGROUND

Meza was indicted pursuant to 8 U.S.C. § 1324 for two counts of transporting an alien. Prior to entering his plea, Meza filed a motion to suppress evidence. Meza's motion to suppress concerned evidence obtained when a trained canine alerted Border Patrol agents of the presence of aliens concealed in Meza's vehicle.

At the hearing on the motion to suppress, the canine's certified handler testified as to the amount and type of training the canine received. The handler testified regarding the canine's ability to detect concealed persons, which it is able to do because the canine is trained to ignore the scent of people who are visible. In addition, the handler testified that the canine had never alerted to visible people. In contradiction to this testimony, Meza's expert testified that the Border Patrol's standards for training and certifying canines are inadequate. He also questioned the canine's ability to alert its handler to the presence of concealed persons.

After considering the witnesses' testimony, the district court denied Meza's motion to suppress. Meza then entered a guilty plea to one count of the indictment and reserved his right to challenge the district court's ruling on his motion to suppress. The second count of the indictment was dismissed upon the Government's motion. The district court sentenced Meza to 18 months' imprisonment, three years' supervised release, and a $100 special assessment. Meza filed a timely notice of appeal.

II.

STANDARD OF REVIEW

In reviewing the district court's denial of Meza's motion to suppress, we review questions of law de novo, and we accept the district court's factual findings unless they are clearly erroneous. *United States v. Kelly*, 302 F.3d 291, 293 (5th Cir.), *cert. denied*, 537 U.S. 1094 (2002). As the district court did not enter findings of fact in denying the motion, we must review the record to determine whether any reasonable view of the evidence supports admissibility. *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994). We review the evidence in the light most favorable to the Government, as the party who prevailed at the district court. *United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000).

III.

MOTION TO SUPPRESS

At an immigration checkpoint, any vehicle may be stopped so that Border Patrol agents may determine the citizenship status of the people passing through the checkpoint. *United States v. Garcia-Garcia*, 319 F.3d 726, 729 (5th Cir.), *cert. denied*, 123 S.Ct. 2264 (2003). However, any detention beyond the time it takes to determine citizenship, and any subsequent search of a vehicle, must be based on probable cause. *United States v. Portillo-Aguirre*, 311 F.3d 647, 652 (5th Cir. 2002).

Meza challenges the adequacy of the canine training and certification procedures used by the Border Patrol. He asserts that no dog can reliably distinguish between the odor of hidden people and the odor of visible people. However, this court has consistently ruled that a showing of a canine's training and reliability is not required if probable cause is developed at the site of a Border Patrol stop as a result of a canine sniff of the vehicle. *United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995); *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003).

-3-

At the hearing on the motion to suppress, the canine's handler testified that upon sniffing Meza's vehicle, the canine indicated that he detected the odor of concealed individuals. Thus, the district court's finding that the canine's alert was reliable as probable cause to search Meza's vehicle was reasonable. *United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991); *Sanchez-Pena*, 336 F.3d at 444, *Portillo-Aguirre*, 311 F.3d at 652.

Meza's second argument is that the indiscriminate stops of vehicles at immigration checkpoints, absent any suspicion of wrongdoing, violate the Fourth Amendment. It is, however, settled that such stops are constitutional so long as their duration does not extend beyond the time necessary to determine the citizenship status of the vehicle's occupants. *United States v. Martinez-Feurte*, 428 U.S. 543, 557-58 (1976); *Garcia-Garcia*, 319 F.3d at 729; *Portillo-Aguirre*, 311 F.3d at 652.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.