Affirmed and Opinion filed February 12, 2004









Affirmed
and Opinion filed February 12, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00193-CR

____________

 

KRISTIAN LEHR STAUFFER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 903,135

 



 

O P I N I O N

Appellant Kristian Lehr Stauffer
appeals from the trial court=s denial of her motion to
suppress evidence obtained from a search of her residence on October 4,
2000.  Following the denial of her
motion, appellant waived a jury and entered a plea of guilty to the charged
offense of possession with intent to deliver a controlled substance, namely
methamphetamine.  The trial court
deferred adjudication of appellant=s guilt, and she was placed
under community supervision for ten years and fined $25,000 dollars.








Appellant raises essentially two issues in connection with
the trial court=s denial of her motion to
suppress: (1) whether the Adog sniff@ of her residence was legal,
and (2) whether the search warrant was invalid because the affidavit supporting
probable cause contained falsehoods, misrepresentations, and omissions.  Before addressing these issues, however, we
consider two issues presented by the State for review: (1) whether appellant
waived her right to appeal by pleading guilty, and (2) whether appellant=s state constitutional claims
present nothing for review.  We affirm.

The State=s Issues

First, the State, citing Young v. State, 8 S.W.3d
656, 666-67 (Tex. Crim. App. 2000), argues that a
valid guilty plea waives the right to appeal a claim of error when the judgment
of guilt was rendered independent of, and not supported by, the error.  Even if a defendant initially waives the
right to appeal, (s)he is not prevented from appealing if the trial court
consents. Monreal v. State, 99 S.W.3d
615, 617 (Tex. Crim. App. 2003).  The record reflects that the trial court here
certified appellant=s right to appeal.  Therefore, the State=s first issue is without merit.

Second, the State argues that appellant=s state constitutional claims
are inadequately briefed because she failed to provide any argument or
authority regarding how the protections under the Texas Constitution differ
from those under the United States Constitution.  Thus, it argues, her state constitutional
claims are not properly presented for review. See Ex parte
Fierro, 79 S.W.3d 54, 61 n.4 (Tex. Crim. App. 2002). 
While no such analysis appears concerning the legality of the dog sniff,
we find appellant=s discussion concerning the
alleged inaccuracies in the affidavit to be adequately briefed.  We therefore will consider below appellant=s state constitutional claims
with respect to her contentions regarding the alleged falsehoods,
misrepresentations, and omissions in the affidavit.

The Legality of the Dog Sniff








In the first five issues, appellant argues that the trial
court erred in not finding that the sniff conducted by Deputy Preston Foose of the Harris County Sheriff=s Department with his
drug-detection dog, Rocky, was an unlawful search.  We review a motion to suppress ruling for
abuse of discretion. Balentine v. State,
71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We view the evidence in the light most
favorable to the ruling, and give almost total deference to the trial court=s determination of historical
facts which the record supports, especially when factual findings are based on
credibility and demeanor.  Id.  We review de novo the trial court=s application of law to
facts.  Id.

First, appellant contends that the officer=s entry onto her property was
unlawful, citing Bower v. State, 769 S.W.2d 887, 897 (Tex. Crim. App. 1989), apparently for the proposition that an
officer entering the property must have an Ahonest intent of asking
questions of the occupant thereof.@  But an officer=s subjective motivations will
never invalidate objectively justifiable behavior under the Fourth Amendment. Walter
v. State, 28 S.W.3d 538, 542 (Tex. Crim. App.
2000).  Subjective intentions play no
role in ordinary probable-cause analysis under the Fourth Amendment.  Id. 
Appellant=s first contention is therefore
without merit.

Second, appellant contends that she had a legitimate
expectation of privacy within the confines of her own property, citing, inter
alia, United States v. Thomas, 757 F.2d
1359, 1366-67 (2d Cir. 1985), cert. denied, 474 U.S. 818 (1986), and Kyllo v. United States, 533 U.S. 27
(2001).  This Court, however, has already
considered and rejected a similar argument advanced in Porter v. State,
93 S.W.3d 342, 346-47 (Tex.
App.CHouston [14th Dist.] 2002, pet. ref=d).  For the reasons stated therein, we hold that
appellant=s second contention is without
merit.








Third, appellant contends that the trial court erred in not
finding that the drug-detection dog, Rocky, was insufficiently qualified to
perform the sniff of the areas immediately outside appellant=s residence.  We have previously noted that the United
States Supreme Court Ahas failed to establish
guidelines for the reliability of >sniff= searches . . . @. See Josey
v. State, 981 S.W.2d 831, 845 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).  The Fifth Circuit, however, has addressed the
reliability issue on several occasions. See, e.g., United
States v. Daniel, 982 F.2d 146 (5th Cir. 1993); United States v.
Williams, 69 F.3d 27 (5th Cir. 1995), cert. denied, 516 U.S. 1182
(1996); United States v. Gonzales, 79 F.3d 413 (5th Cir. 1996); United
States v. Sanchez-Pena, 336 F.3d 431 (5th Cir. 2003).  Citing Daniel, the Williams
court held a showing of the dog=s training and reliability is
not required. 69 F.3d at 28.

The affidavit in this case recites the following:

On October 4, 2000, I spoke
with P. Foose, a peace officer employed by the Harris
County Sheriff=s Department  as a narcotics dog handler.  He stated that his canine partner is
Rocky.  He is a certified narcotics dog
handler and Rocky is a certified narcotics detection dog and the Texas K-9
Police Association certifies them both. 
Rocky is trained to detect the odor of marijuana, cocaine,
methamphetamine, and heroin.   

Under Daniel, this information clearly constitutes a
substantial basis for the issuance of a warrant. See 982 F.2d at 151-52.

Appellant also challenges the adequacy of Rocky=s training and questions
whether the dog was reliable enough to make an effective alert.  She contends that Rocky was not certified by
any governmental entity, was not trained to alert only on unlawful substances,
and was unable to distinguish methamphetamine from amphetamine.  Because Rocky=s certification is a
determination of historical fact supported by the record, we defer to the
finding made by the trial court.  See Balentine, 71 S.W.3d at 768.

Our sister court has previously held that because there is
no reasonable expectation of privacy under these circumstances, an alert by a
drug-detection dog outside a person=s residence is sufficient to
provide probable cause to search the site. Rodriguez v. State,
106 S.W.3d 224, 229 (Tex.
App.CHouston [1st Dist.] 2003, pet. ref=d).  In the present case, Rocky alerted outside
the garage area of the home, thereby providing probable cause to search.[1]           

Accordingly, we overrule appellant=s issues one through five.

 








The Alleged Falsehoods,
Misrepresentations, and Omissions

In issues six through nine, appellant argues that the search
warrant was invalid because the affidavit supporting probable cause contained
falsehoods, misrepresentations, and omissions. 
The Court of Criminal Appeals has stated that Athe inclusion of tainted
allegations in an affidavit does not necessarily render a resulting search
warrant invalid.@ Castillo v. State, 818
S.W.2d 803, 805 (Tex. Crim. App. 1991).  We must set aside the tainted allegations and
determine whether the independently- and lawfully- acquired information in the
affidavit clearly establishes probable cause. 
Id.  If, based on the
untainted information in the affidavit, the search warrant would have
nonetheless been issued, then the warrant is valid.  Id.

In the present case, we have already determined probable
cause existed to search the premises. 
Appellant even concedes that the results of the dog sniff link the drugs
to her residence.  Since the results were
legally obtained and included in the affidavit, the search warrant could have been
issued on that basis alone.  We therefore
find it unnecessary to consider the arguments raised by appellant concerning
the alleged falsehoods, misrepresentations, and omissions in the affidavit.  Accordingly, we overrule appellant=s issues six through nine.

Conclusion

The trial court did not err in denying appellant=s motion to suppress.  The judgment is affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed February 12, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).











[1]  Because
appellant does not challenge the scope of the search on appeal, we do not
address that issue here.