United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10413
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

v.

CARLOS OLIVO CABELLO,

                Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Texas
(4:02-CR-45-ALL-Y)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the conviction of Defendant - Appellant, Carlos Cabello, for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. For the following reasons, we uphold the conviction.

Cabello argues that the district court erred in denying his motion to suppress physical

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

evidence, his motion to suppress his oral and written statements, and his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). Cabello also argues that, because his oral and written statements are inadmissible, there is insufficient evidence to support his conviction.

We agree with the district court that both the drugs and firearm found in Cabello's possession as a result of the traffic stop are admissible. The initial traffic stop was valid because the vehicle in which Cabello was riding did not have a properly illuminated license plate as required by Texas law, thus giving the officer a specific, articulable basis for stopping the vehicle. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). Further, the scope of the detention did not exceed the scope of the initial stop because the officer was constitutionally permitted to collect identification from all three adults in the vehicle and to request a computer check thereon. *See United States v. Shabbaz*, 993 F.2d 431, 436-37 (5th Cir. 1993). The use of a drug-detecting dog did not extend the scope of the detention, and allowing the dog to do a "sniff search" of the vehicle did not violate the Fourth Amendment. *See United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995); *see United States v. Mendez*, 27 F.3d 126, 129 n.4 (5th Cir. 1994). The dog's alert gave the officer a reasonable suspicion to justify a continued detention and probable cause to search the vehicle and its contents. *See United States v. Valdez*, 267 F.3d 395, 398 (5th Cir. 2001); *see Williams*, 69 F.3d at 28. Thus, the physical evidence is admissible.

Cabello argues that his oral statements are not admissible because he was in custody from the moment the officer stopped the vehicle. As Cabello failed to raise this argument at the suppression hearing, we review the admission of his oral statements for plain error. *See United States v. Johnson*, 127 F.3d 380, 392 (5th Cir. 1997); FED. R. CRIM. P. 52(b). Cabello's statements to the officer were made in response to a question directed to all of the occupants of

the vehicle, not a direct question from the officer to the Cabello. No one had been arrested, and no contraband had been found at the time Cabello made the statements. There is no plain error readily apparent in the record. *See United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995). Even assuming there was a plain error, Cabello has not demonstrated that his substantial rights were affected. *See United States v. Olano*, 507 U.S. 725, 730-36 (1993). Cabello's oral statements are admissible.

Cabello argues that his written statement is inadmissible because it was coerced. Cabello testified at trial that he signed the written statement in exchange for a promise that his nephews present in the vehicle would not be charged in the drug case. The investigators who took Cabello's statement, however, testified that they did not promise Cabello that his nephews would not be charged in exchange for Cabello giving a written statement. The investigators also testified that Cabello was read his rights, that his statement was voluntary, and that his statement was the product of his free and rational choice. Thus, the record does not support Cabello's argument that his written statement was involuntary due to coercion. *See United States v. Scurlock*, 52 F.3d 531, 536 (5th Cir. 1995). The written statement is admissible.

Cabello also argues that the district court erred in determining that he failed to make a prima facie showing of racial discrimination in connection with his *Batson* challenge. The prosecutor struck the only Hispanic juror on the venire panel, and Cabello argues that the peremptory strike was racially motivated. Because we accord great deference to the district court's decision on the question of discriminatory intent, we find that the district court did not clearly err in determining that Cabello failed to make a prima facie showing. *See United States v. Perkins*, 105 F.3d 976, 978 (5th Cir. 1997).

-3-

Finally, Cabello argues that the evidence is insufficient to support his conviction, based upon his argument that his statements and the physical evidence are inadmissible. Because we have found those statements and the physical evidence to be admissible, his challenge to the sufficiency of the evidence is without merit. Thus, we affirm the conviction.