United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40933
Summary Calendar

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

*versus*

**RAFAEL GONZALEZ,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(5:03-CR-1727-1)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rafael Gonzalez was convicted of possessing with intent to distribute more than 50 kilograms of marijuana and sentenced, *inter alia*, to 42 months in prison. He claims the district court erred, following an evidentiary hearing, in denying his motion to suppress the marijuana seized from his vehicle. Regarding the denial of a motion to suppress, evidence is viewed in the light most favorable to the prevailing party; the district court's findings of fact are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed for clear error; and its conclusions of law, *de novo*. ***United States v. Santiago***, 310 F.3d 336, 340 (5th Cir. 2002).

Gonzalez first contends there was no reasonable suspicion to detain him for an immigration check. Assuming Gonzalez was detained when Border Patrol Agent Ramos first encountered him at a highway rest area close to the border, reasonable suspicion existed to justify the check: Agent Ramos was responding to a sensor alert close to the border and near the rest area; and the geographical area is a high crime area known for illegal alien and drug trafficking. ***United States v. Brignoni-Ponce***, 422 U.S. 873, 884-85 (1975).

Gonzalez next asserts the district court impermissibly considered his decision to decline consent to remain at the scene in determining whether reasonable suspicion was present to justify his detention. After reviewing the record, we discern no error. The district court credited Agent Ramos' testimony that Gonzalez gave an inconsistent statement when he asked Gonzalez for consent. The district court considered not that Gonzalez refused consent; rather, the court considered the fact that he gave inconsistent statements, along with the characteristics of the area and its proximity to the border, in determining reasonable suspicion justified the detention while the Agent ran his canine unit around the vehicle.

2

Finally, Gonzalez contends the canine was not properly trained to alert reliably to the presence only of drugs. This issue is unavailing. *United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995), *cert. denied*, 516 U.S. 1182 (1996). He requests this panel overrule *Williams*. Of course, absent an intervening change in the law, a panel may not do so. *See United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir. 1999).

*AFFIRMED*