# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2011

No. 10-40829
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASHLEY NICOLE MASTERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2887-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Ashley Nicole Masterson was convicted of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana and possession with intent to distribute less than 50 kilograms of marijuana. *See* 21 U.S.C. §§ 841, 846. She appeals from the district court's denial of her motion to suppress the marijuana found in the truck she was driving.

Masterson drove a green 1997 GMC pickup truck to the United States Border Patrol checkpoint located on Interstate Highway 35, north of Laredo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas. During the primary inspection, a border patrol canine named Bono-A alerted to the truck for the possible presence of narcotics. Masterson was referred to secondary inspection, and the dog pinpointed the source of the odor at the truck's gas tank. A fiber optic scope revealed 47.5 kilograms of marijuana inside the gas tank. A later search revealed another 28 kilograms of marijuana in the spare tire.

Masterson argues that the Border Patrol's secondary inspection of the truck and the prolonged detention were not based on reasonable suspicion or probable cause, as required by the Fourth Amendment. According to Masterson, Border Patrol Agent Francisco Garza was unable to articulate how he determined that Bono-A had alerted, and he was therefore unable to show probable cause or reasonable suspicion for the search. In essence, she argues that there was no alert because Agent Garza could not identify any specific behavior that constitutes an alert.

Agent Garza first encountered Masterson when she was at the checkpoint, south of the border. He testified at the suppression hearing that when she drove to the primary inspection booth, Bono-A "got in the middle." The wind was blowing from north to south, he said, and Bono-A "got an odor" and "started following the vehicle, alerting." Agent Garza testified that he was familiar with the way Bono-A alerts, explaining that Bono-A displays a "change in behavior, increased respiration," and wags his tail and perks up his ears.

The district court found this testimony credible and found that Agent Garza credibly interpreted Bono-A's behavior as an alert. The testimony of Masterson's dog handling expert, Jerry Potter, was deemed irrelevant because alerting behavior is particular to the dog. In other words, each dog alerts in a different way, and the dog's behavior must be interpreted by his handler.

When a dog alerts to the possibility of narcotics hidden in the vehicle, probable cause to search the vehicle for contraband is established. *United States v. Williams*, 69 F.3d 27, 28 (5th Cir. 1995). Viewed in the light most favorable

to the Government, and giving due deference to the district court's assessment of the suppression hearing testimony, the evidence in the record does not show clear error in the district court's findings that Bono-A alerted. *See United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). Given that the alert established probable cause for the search of the gas tank, Masterson has not shown that the district court committed error in finding that the search was constitutional. *See United States v. Taylor*, 482 F.3d 315, 317 (5th Cir. 2007). Accordingly, the decision of the district court is AFFIRMED.