# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2023

Lyle W. Cayce
Clerk

No. 23-40045
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Felipe De Jesus Gutierrez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-612-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Felipe De Jesus Gutierrez conditionally pleaded guilty to one count of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (defining principals), reserving his right to contest the denial of his motion to suppress evidence. He challenges the district court's denial at the end of an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidentiary hearing of his motion to suppress evidence seized from his vehicle and his post-arrest confession. (Gutierrez testified at the hearing.)

For the contested denial of a suppression motion, our court reviews "the factual determinations for clear error and the legal conclusions de novo". *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013) (citation omitted). The evidence is viewed in the light most favorable to the prevailing party, in this instance the Government. *See United States v. Gibbs*, 421 F.3d 352, 356–57 (5th Cir. 2005).

First, Gutierrez challenges the court's finding reasonable suspicion justified the stop of his vehicle. "Reasonable suspicion is a low threshold, requiring only a minimal level of objective justification." *United States v. Alvarez*, 40 F.4th 339, 345 (5th Cir. 2022) (citation omitted). The officers responded to a tip containing a range of details related to the planned drug transaction, including predictive information. *See Alabama v. White*, 496 U.S. 325, 332 (1990) (highlighting importance of tip's prediction of future conduct); *Powell*, 732 F.3d at 369 ("Reasonable suspicion can be formed by a confidential informant's tip so long as the information is marked by indicia of reliability." (citation omitted)). The officers independently corroborated the tip and observed predicted activities. Based on the totality of the circumstances, reasonable suspicion supported the stop of Gutierrez' vehicle. *E.g.*, *Alvarez*, 40 F.4th at 345 ("Reasonable suspicion takes into account the totality of the circumstances . . . ." (citation omitted)).

Next, Gutierrez asserts the search of his vehicle violated the Fourth Amendment's warrant requirement. We hold the officers had probable cause to search Gutierrez' tractor-trailer when a dog alerted to the presence of narcotics in it. *See United States v. Ned*, 637 F.3d 562, 567 (5th Cir. 2011) (permitting warrantless searches of automobiles if supported by probable cause); *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000) ("A drug-

sniffing canine alert is sufficient, standing alone, to support probable cause for a search.").

Nor did Gutierrez show the officers' actions converted the stop into an arrest. *See United States v. Sanders*, 994 F.2d 200, 206–07 (5th Cir. 1993) ("[U]sing some force on a suspect, pointing a weapon at a suspect, ordering a suspect to lie on the ground, and handcuffing a suspect—whether singly or in combination—do not automatically convert an investigatory detention into an arrest requiring probable cause.").

Finally, Gutierrez contends his confession was involuntary and not sufficiently attenuated from his claimed illegal arrest to be admissible. The testimony at the suppression hearing establishes Gutierrez:  initiated the meeting with the officers following his initial request for an attorney; was never threatened or coerced; and was aware of his rights but waived them. Gutierrez' confession was therefore voluntary. *See Wyrick v. Fields*, 459 U.S. 42, 45–46 (1982) (explaining once suspect invokes right to counsel, government may not interrogate him further unless he initiates); *United States v. Mendez*, 885 F.3d 899, 910–11 (5th Cir. 2018) (concluding statement was voluntary where defendant was twice advised of *Miranda* rights, voluntarily waived them, there was no evidence of physical coercion, and defendant was not threatened). And, because we hold Gutierrez' arrest was constitutional, his confession was also not the fruit of an illegal arrest. *See United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006) (ruling arrest permissible when officers have probable cause to conclude suspect committed offense). Gutierrez' contention that the delay in presenting him to a magistrate judge was unreasonable is likewise incorrect because the reasons for delay, including case-processing, were permissible. *E.g.*, *United States v. Boche-Perez*, 755 F.3d 327, 337 (5th Cir. 2014) ("[T]he *McNabb–*

No. 23-40045

*Mallory* doctrine tolerates delays related to legitimate law enforcement procedures . . . .").

AFFIRMED.