United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-41609
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JOHN CHAPPELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-41-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William John Chappell appeals his conditional guilty-plea

conviction and sentence for being a felon in possession of a

firearm. Chappell argues that the district court erred in

denying his motion to suppress evidence seized from his garage.

Although Chappell concedes that he had no expectation of privacy

since his garage door was open, he contends that the seizure of

evidence therefrom, which was in plain view, was improper since

officers were not authorized to enter the garage without a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

warrant.  Chappell argues that, to the extent state law authorized the officers' entry into his garage, the applicable provisions of the Texas Transportation Code (TTC) violate the Fourth Amendment.

Regardless of Chappell's challenge to the TTC, the exigent circumstances created by Chappell by leaving his garage door open and a firearm in plain view justified the officers' entry into his garage.  See United States v. Jones, 239 F.3d 716, 719-22 (5th Cir. 2001).  Accordingly, the district court did not err in denying Chappell's motion to suppress.  See United States v. Alvarez, 6 F.3d 287, 289 (5th Cir. 1993).

Chappell also renews his challenge to the presentence report's six-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(C), arguing that one of the 25 firearms recovered from his residence belonged to his father-in-law.  When overruling Chappell's objection to the U.S.S.G. § 2K2.1(b)(1)(C) enhancement, the district court rejected as incredible Chappell's argument that he lacked knowledge of the firearm.  A credibility determination on a factual finding at sentencing is peculiarly within the province of the trier-of-fact.  See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996).

For the first time in a FED. R. APP. P. 28(j) letter, Chappell contends that, pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), his offense level increases under U.S.S.G. §§ 2K2.1(b)(1)(C) and 2K2.1(b)(4) were improper since the facts

supporting these enhancements were not submitted to a jury and proven beyond a reasonable doubt.  Chappell acknowledges that this argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 03-30437), and he raises the issue solely to preserve it for future review.

AFFIRMED.