United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 03-41609

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JOHN CHAPPELL,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 4:03-CR-41-ALL

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed William John Chappell's conviction and sentence for being

a felon in possession of a firearm. *United States v. Chappell*, No. 03-41609, 2004 WL 2617982 (5th

Cir. Nov. 18, 2004). He sought ) ) and the Supreme Court granted ) ) a writ of certiorari. The

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Chappell failed to raise a *Booker* claim before the district court. Thus, we review his sentence for plain error. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge) ) sentencing under an advisory scheme rather than a mandatory one) ) would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.* Chappell concedes that he cannot show that he would have received a lower sentence had the Guidelines been advisory rather than mandatory.

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Chappell's conviction and sentence.